Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

__U.S.__ District of __Oregon__

__Portland__ Division

MaliKye Isariah Cox

**Plaintiff(s)**
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v- State of Oregon, Oregon Deph
of Corrections Dir. Mike Reese, TRCI Supt LaGore,
Sgt. Fisher, Officer Heredia SRCI Supt. Woodland,
Officer John or Jane Doe 1-5, et. al.

**Defendant(s)**
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No. __2:25-cv-02419-MTK__
*(to be filled in by the Clerk's Office)*

Civil Rights Complaint

42 USC § 1983

42 USC § 1985

42 USC § 2000 ADA

Sec 504 of the Rehabilitation Act

Supplimental Jurisdiction For State Tort
Assault and Battery - Negligence 28 USC § 1367
DEMAND FOR JURY TRIAL

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Page 1 of 11

Form 39.010

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

- Name: Malikye Isaia Cox
- All other names by which you have been known: N/A
- ID Number: 19049607
- Current Institution Address: 777 Stanton Blvd.
  Snake River Correctional Institution
  Ontario, OR 97914

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
- Name: Mike Reese
- Job or Title (if known): Director - Oregon Dept. of Corrections
- Shield Number:
- Employer: State of Oregon - Oregon Dept. of Corrections
- Address: Salem, OR 97
- [ ] Individual capacity [✓] Official capacity
- For Injunctive Relief.

Defendant No. 2
- Name: Ryan LaGore
- Job or Title (if known): Two Rivers Superintendent
- Shield Number:
- Employer: State of Oregon - Oregon Dept. of Corrections
- Address: 82911 Beach Access Rd.
  Umatilla, OR 97882
- [ ] Individual capacity [✓] Official capacity
- For Injunctive Relief.

Page 2 of 11

Form 39.010

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
Name: Sgt. Fisher
Job or Title (if known): Sgt. TRCI
Shield Number:
Employer: Two Rivers Correctional Institution
Address: 82911 Beach Access Rd.
Umatilla, OR 97882
City / State / Zip Code
☑ Individual capacity   ☐ Official capacity

Defendant No. 4
Name: Officer L. Moore
Job or Title (if known): Sgt.
Shield Number:
Employer: Two Rivers Correctional Officer
Address: 82911 Beach Access Rd.
Umatilla, OR 97414
City / State / Zip Code
☑ Individual capacity   ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim) (42 USC § 1985) (42 USC § 2000 AO4) and Section 504 of the Rehabilitation Act.

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

My First Amendment Right of access to the Courts, First Amendment Right to be free from retaliation for writing grievances, My Eighth Amendment Right to be free from Cruel and unusual punishment and my Eighth Amendment Rights were violated when ODOC Security deliberately placed my life in harms way and through the deliberate indifference I was assaulted once and in another incident I had to defend myself and was then punished for the situation ODOC staff placed me in. I also have Mental Health issues not being addressed.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

    D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)*

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

    A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

    B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

Two Rivers Correctional Institution then transported to the Snake River correctional Institution where there was a continuation of deprivations and violations of my Constitutional Rights. (See attached additional pages)

    C.    What date and approximate time did the events giving rise to your claim(s) occur?

2024 through to December 21st, 2025

    D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

(See attached additional pages)

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

(See attached additional pages)

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

(See attached additional pages)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Two Rivers Correctional Institution and the Snake River Correctional Institution.

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☑ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

   Two Rivers and Snake River

2. What did you claim in your grievance?

   Harassment - Retaliation - Assault - Negligence - Assault and Battery and Cruel and Unusual Punishment

3. What was the result, if any?

   No possitive results, more harrassment, Retaliation, punishment assault - intimidation - Retalitory transport were I was targated and assaulted.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   I tried everything - To my belief the grievance process is completed because my grievances always get denied.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

N/A

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. Everytime I filed a grievance I would receive even more harrasment and retaliation from staff and they was eventually assaulted by staff at TRCI. Then sent to SRCI where I was placed in harms way deliberately and was assaulted again. Then taken to the Disciplinary Unit and placed in a cell where I was assaulted again.

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.) Grievances are attached as exhibits to this complaint.

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No  I have never filed a law suit in any court.

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*
   _____

3. Docket or index number
   _____

4. Name of Judge assigned to your case
   _____

5. Approximate date of filing lawsuit
   _____

6. Is the case still pending?

   ☐ Yes
   ☐ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
   _____
   _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?
   ☐ Yes
   ☐ No

   If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

## VERIFICATION

I, Malikye Isaiah Cox, do hereby verify that I have read this entire Complaint w/ attachments and I hereby affirm that they are the truth as I believe them to be to the best of my knowledge and belief and statements made by witnesses I believe them to be true.

Dated this 21st day of December 2025

Malikye Isaiah Cox - Plaintiff    12-21-25

Page 10 of 11

Form 39.010

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/21/2023

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: Mali'Kye Isarah Cox
Prison Identification #: 19049607
Prison Address: 777 Stanton Blvd.
Ontario, OR 97914

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

Telephone Number
E-mail Address

Malikye Isaiah Cox
19049607
Snake River Corr. Inst.
777 Stanton Blvd.
Ontario, OR. 97914

United States District Court
District of Oregon
Portland Division

| | |
|---|---|
| Malikye Isaiah Cox,<br>  Plaintiff,<br>Vs.<br><br>Officer L. Moore, Officer Fisher, Officer Herrera, Officer D. Lemons, John Doe, sued in their individual capacity(ies), and State of Oregon, Oregon Dept. of Corrections, Director Mike Reese, Two Rivers Superintendent Ryan LaGore, ODOC-BHS et.al., Two Rivers Grievance Coordinator Egnew and Rossi, Snake River Superintendent Woodland, Snake River STM-LT., sued in their official capacity(ies),<br>  Defendants. | Case No.<br><br>Civil Rights Complaint<br>42 USC §1983 ; 42 USC §1985<br>42 USC §2000 American Disability Act<br>Sec. 504 of the Rehabilitation Act.<br>State Tort Negligence and Assault and Battery.<br><br><br>(Verified Complaint)<br>DEMAND FOR JURY TRIAL |

### Introduction of Suit

  This is a civil rights action filed by Malikye Isaiah Cox, a state prisoner, for damages and injunctive relief under 42 USC §1983 alleging excessive force, Cruel and unusual punishment, deliberate indifference and denial of Mental Health care in violation of the Eighth Amendment to the United States Constitution and confinement in segregation in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Plaintiff also alleges the tort of Assault

Page 1 of 7 Additional Pages for Complaint.

and Battery and Negligence.

## Jurisdiction

This Court has jurisdiction over the plaintiffs' claims of Federal Constitutional rights under 42 USC § 1983 and 42 USC § 1985 and 42 USC §§ 1331(1) and 1343.

This Court also has supplimental jurisdiction over the plaintiff's state law tort claims under 28 USC § 1367.

## Parties

Defendants Continued;

Defendants Officer Herrera and Martinez
Officer
Two Rivers Correctional Institution
82911 Beach Access Rd.
Umatilla, OR. 97882        ☑ Individual Capacity

Defendant D. Lemons
Officer
Two Rivers Correctional Institution   ☑ Individual Capacity
82911 Beach Access Rd
Umatilla, OR. 97882

Defendants Behavioral Health Services, et. al. John-Jane Doe.
Mental Health Dept.
Snake River Correctional Institution
777 Stanton Blvd.            ☑ Official Capacity
Ontario, OR. 97914

Page 2 of 7   Additional Pages for Complaint

Defendants Ejnew and Rossi
Two Rivers Grievance Coordinators
82911 Beach Access Rd.
Umatilla, OR. 97882         ☑ Official Capacity

Joe Woodland - Defendant
Snake River Superintendent
777 Stanton Blvd.
Ontario, OR. 97914          ☑ Official Capacity

Defendant Klaus
SRCI Lt.
Security Threat Management Lt.
777 Stanton Blvd.
Ontario, OR. 97914          ☑ Official Capacity

### Exhaustion of Administrative Remedies Cont.

The plaintiff has exhausted his administrative Remedies with respect to all of the claims and all defendants. Plaintiff attests that because of his grievances he has suffered Harrasment and retaliation, segregation placement and eventually being assaulted and battered.

### Statement of Facts

1. Plaintiff alleges that on or about November - December of 2024 Sgt. Moore and Sgt. Fisher were personally responsible for placing AIC Corry Heartford on the same unit as plaintiff when Heartford kept informing staff that he can not be on the same unit as plaintiff because AIC Heartford had informed and turned States evidence on gang members (STG Groups) as plaintiff own affilrates.

Page 3 of 7 Additional pages for Complaint.

2. Plaintiff, Mr. Cox, (hereinafter) alleges that AIC Heartford was assaulted multiple times on the unit and everytime after the assault Sgt. Moore or Sgt. Fisher would have AIC Heartford returned to the unit with the intention of placing plaintiff either in danger of being assaulted by AIC Heartford or intentionally forcing plaintiff into an altercation with AIC Heartford to cause plaintiff to lose his programing and minimum status.

3. Mr. Cox alleges that on 2/27/25 Ms. Fisher / Sgt. Fisher made plaintiff her "person project" to attempt to push plaintiff over the edge when she continuously harrassed plaintiff with strip searches and cell searches eventually confinscating over $300.°° in plaintiff's personal property and tatoo magazines under color of State law claiming that the mailroom wanted all of his already approved publications back.

4. Mr. Cox alleges that again after AIC Heartford returned back to the same unit as plaintiff - plaintiff was forced into a altercation with AIC Heartford which through the chronilogical chain of events clearly shows that Mr. Heartford being continuously placed on the same unit w/ staff knowing of the detriment security issue was validated when Sgt. Moore made the comment to plaintiff, "I'm surprised it took you this long, we were suprised you didn't fight first."

5. Mr. Cox alleges that on 2/27/2025 Officer E. Herrera and Officer Martinez both physically assaulted and battered Mr. Cox while he was in restraints.

6. Mr. Cox alleges that again on 5/19/2025 he was physically assaulted and battered, by Sgt. Fisher when she kicked the back of his leg and forced him to kneel down slamming both of his knees extreemly hard down onto the concrete and injuring his knees. There was no penalogical objective for this Cruel and unusual punishment.

Page 4 of 7 Additional pages for Complaint.

7. Mr. Cox alleges that on 5/11/2025 he was accused by officer D. Lemons of not taking his medication - the accused of swallowing meds, or something foreign. He was taken to the emergency room to an Outside Medical facility, X-rayed and X-rays came back clear. He was returned to TRCI and placed in a "Dry cell" which resulted in "Nothing found." Plaintiff continued to be subjected to Segregation while the Disciplinary report was DWAP'ed. Plaintiff was held in Segregation from 5/11/2025 to 5/30/2025. Officer D. Lemons continuously requested extension. During this time plaintiff was being retaliated against by DSU officers deliberately moving him from DSU unit to DSU unit so that he would intentionally miss canteen and not be able to order envelopes so that he could contact family or friends to ask for help. Mr. Cox was also denied requested Inspector General calls to report the abuse he was forced to suffer and endure.

8. Mr. Cox alleges that on 9/18/2025 he was transported from TRCI to SRCI. On 10/30/2025 Mr. Cox suffered a psycotic episode from meds, BHS had placed him on. On 11/13/2025 Mr. Cox found out that BHS had lost 12 years of mental health documentations that was needed for him to prove his Diagnosises. Because he made an IG phone call STM-Lt. Clause made threats towards Mr. Cox of being assaulted by staff and AIC's. Lt. Clause did this in front of other officers and AIC's. Still, BHS Kept him on the very same medication that pushed him into a psychotic episode and Hospitalization.

9. Mr. Cox alleges that on 12/24/2025 he was sprayed with mace with no provocation and there was no circumstances to maintain control nor was the officers using excessive force in self-defence against Mr. Cox. Mr. Cox was intentionally sprayed in his face, mouth and eyes and left inside a side room during shift change with no moist towel and nothing to rub the spray away from his eyes. Was not provided a shower and laid there on the cold concrete for an unknown period of time while he couldn't breath and believed that he was going to die.

Page 5 of 7 Additional pages for Complaint.

Claims for Relief

The actions of defendants Fisher, Herrera, Martinez, officer John or Jane Doe in using physical force against Mr. Cox without need or provocation, or in failing to intervene to prevent misuse of force, were done maliciously and sadistically and constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

The actions of defendants Fisher, Herrera, Martinez and officer John or Jane doe in using physical force against plaintiff Mr. Cox without need or provocation constituted the tort of assault and battery under the Laws of Oregon.

The actions or inactions of Behavioral Health Services to provide or failure to provide proper mental health treatment and follow up intake and examinations after Mr. Cox's mental breakdown and psycotic episode constitutes deliberate indifference to plaintiff's serious mental health needs in violation of the Eighth Amendment to the United States Constitution, 42 USC § 2000 ADA and 504 of the rehabilitation act.

The actions of Officer D. Lemons and Grievance coordinators Enyon and Rossi denied Mr. Cox his ability to properly exhaust his administrative remedies and with no evidence to support the charges alleged by Officer D. Lemons denied Mr. Cox due process of Law in violation of the Fourteenth Amendment and First Amendment right of access to the Courts and to be able to petition the Government for redress of the United States Constitution.

The actions of defendants Mike Reese, Ryan LaGore, Joe Woodland in failing to take disciplinary or other action to curb the known pattern of abuse complained of by Mr. Cox constituted deliberate indifference to Mr. Cox and other ATC prisoners' safety and contributed to Sgt. Moores abuses and proximately caused the above-described violations of Eighth Amendment rights, First and Fourteenth Amendment rights and assault and battery.

Page 6 of 7 Additional pages for Complaint.

## Relief Requested

WHEREFORE, plaintiff, Mr. Cox prays for the following relief:

A. Issue a declaration stating that:
   1. The physical abuse suffered by the plaintiff by defendants did violate plaintiff's Constitutional Rights and constitute assault and battery.

   2. Defendant act did violate plaintiff's First Amendment Rights

   3. Defendants did violate plaintiff's Eighth Amendment Rights.

   4. Defendants did violate plaintiff's Fourteenth Amendment Rights.

B. Injunctive Relief:
   5. Carry out without delay proper mental health treatment.

C. Award Compensatory damages in an amount to be determined by jury.

D. Award Punitive damages in an amount to be determined by jury.

E. Award reasonable Attorney fees.

F. Grant such relief as it appears that Mr. Cox is entitled.

— Plaintiff demands jury trial —

Dated this 22 day of December, 2025

Malikye Isaiah Cox
19049607
Snake River Corr. Inst.
777 Stanton Blvd.
Ontario, OR. 97914

Page 7 of 7 Attachment of additional pages for Complaint

## CERTIFICATE OF SERVICE

CASE NAME: Cox  v.  ODOC, et al

CASE NUMBER: (if known) New Filing

COMES NOW, Malikye Isaiah Cox, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at Snake River.

That on the 21 day of December, 20 25, I personally placed in the Correctional Institution's mailing service A TRUE COPY of the following:

Certificate of Service, Civil Cover Sheet, In forma Pauperis, Order to proceed, Motion for Appointment of Counsel, 42 USC §1983 Civil Rights Complaint.

I placed the above in a securely enclosed, postage prepaid envelope, to the person(s) named at the places addressed below:

I had the Snake River Law Library e-file these document to the U.S. District Court.

(Signature)     12-21-25

Print Name Malikye Isaiah Cox
S.I.D. No.: 19049607
777 Stanton Blvd.
Ontario, OR. 97914

Page 1 of 1 – Certificate of Service                Form 03.015